## Peter Adoption Case.

Argued October 8, 1954. Before RHODES, P. J., HIRT, ROSS, WRIGHT, WOODSIDE and ERVIN, JJ. (GUNTHER, J., absent).

*James Francis Lawler,* for appellant.

*George E. Letchworth, Jr.,* for appellee.

OPINION BY HIRT, J., January 14, 1955:

The father of Denise Marie Peter, the subject of this proceeding, consented to the adoption of the child by the petitioners, and the court specifically found that Dorothy A. Peter, the mother, had abandoned the child on January 28th, 1950. On a further finding that the welfare of the child would be promoted by the adoption, a decree was entered as prayed for on August 3, 1953. In this appeal by the mother of the child, our review is by certiorari in its broadest sense to determine from

the evidence whether the findings of the court are sufficiently supported by competent evidence. *Harvey Adoption Case,* 375 Pa. 1, 99 A. 2d 276; *Susko Adoption Case,* 363 Pa. 78, 69 A. 2d 132.

Henri Peter and Dorothy A. Peter were married on March 5, 1945. Three children were born to them. The wife on November 4, 1949, locked the three children in a room in the house where they lived in Philadelphia and left them there, where they were found by their father on his return home from work. Her daughter Denise Marie, then was but thirteen months old. She returned to her home on January 24, 1950 but remained only four days when she again left and she has lived apart from her husband and children since that time. During the entire period of her absence after the separation she did not inform her husband as to her whereabouts and he did not know how to reach her. After the separation, with the help of Elma E. Muller, one of the petitioners, he continued to maintain the children in the home until March 1, 1950, when he placed the two older children in the Salvation Army Home, and by arrangement with the petitioners brought Denise to their home in Philadelphia. He continued to contribute to the support of the child Denise in petitioner's home as long as he was able and until December 1952. Since then the petitioners have maintained the child entirely at their own expense.

Abandonment is a matter of intention, to be ascertained by what a parent says and does, viewed in the light of the particular circumstances of the case. *Harvey Adoption Case,* supra. "Abandonment, within the meaning of the adoption statutes, imports any conduct on the part of the parent which evidences a settled purpose to forego all parental duties and relinquish all parental claims to the child": *Southard Adoption Case,* 358 Pa. 386, 57 A. 2d 904; *Clark Adoption Case,* 175

Pa. Superior Ct. 68. Judged by these standards the finding of the court that Dorothy Peter abandoned her child has sufficient support by competent evidence in this record. When Dorothy Peter left her home on January 28, 1950, the date of the final separation, the circumstances charge her with desertion of her husband and three children. She gave no reason for leaving and none appears in this record. That she intended to terminate her parental obligation to all three of her children is clearly indicated by her conduct. When she left her home she did not tell her husband where she was going and she refused to give Mrs. Muller any information as to where she could be reached. Her whereabouts has been unknown to her husband and the Mullers since she deserted her family. She, at least since October 1951, has been continuously employed but has not made nor offered to make any contribution toward the support of any of her children. Immediately after the first separation she according to her testimony called a Miss Evans, two or three times a week, who had been engaged by the husband to care for the children, and inquired about them. She visited Denise several times each year in the home of petitioners when she gave the child small gifts. But she never contacted her husband nor Mrs. Muller on other occasions nor otherwise evidenced any interest in the welfare of her child. It is a fair inference from her relationship with one Herman Maurer which she admits, together with the other evidence in the case that she intended to relinquish all parental claims to the child. Up to the time of the hearing in this case her marriage with Henri Peter had not been dissolved and she was still his wife. But beginning in July 1950 she, on her own admission, has been living with Herman Maurer in a meretricious relationship as his wife in rooms on North Broad Street in Philadelphia. She did not have grounds to divorce

her husband and her expressed determination to continue the relationship with Maurer in itself is rather impressive proof of her abandonment of the child. Accordingly she cannot now nullify the legal effect of her abandonment in this proceeding and prevent the adoption of the child by petitioners on her expressed desire to provide a home for her children sometime in the indefinite future. *Davies Adoption Case,* 353 Pa. 579, 587, 46 A. 2d 252.

Where abandonment is established an essential finding that the adoption as prayed for will be for the best interest and welfare of the child must also be supported by competent evidence. *Noone Adoption Case,* 376 Pa. 437, 103 A. 2d 729. The record presents no difficulty on that score. The petitioners own their home in Philadelphia where they have lived for the past 22 years. They are in middle life and have no children of their own. Denise is Mrs. Muller's grand niece. They are estimable people with sufficient financial resources to provide for the child. Both petitioners are attached to Denise and desire to rear the child as their own. Perhaps the best evidence of Mrs. Muller's sincerity in that regard is the fact that when Denise came into her home, she quit her employment so that she could adequately look after the child. We need not labor the question for appellant on cross-examination conceded that Mrs. Muller is a proper person to rear the child.

Decree affirmed; the costs however to be paid by appellees.